IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Stacy Pearsall and Andrew N. Dunaway, II,<br><br>Plaintiffs,<br><br>vs.<br><br>Farmco Manufacturing,<br><br>Defendant. | C/A#: 2:24-cv-01394-BHH<br><br>**NOTICE OF REMOVAL** |

**TO:** The Honorable United States District Court for the District of South Carolina, Charleston Division

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Farmco Manufacturing (hereinafter "Defendant") hereby gives notice of the removal of this action from the Court of Common Pleas, Dorchester County, State of South Carolina to the United States District Court for the District of South Carolina, Charleston Division. The state court action is Civil Action No. 2024-CP-18-00297. As addressed below, diversity jurisdiction exists in this action. *See* 28 U.S.C. § 1332(a). In support of this removal, Defendant states as follows:

1.      A civil action is now pending in the Court of Common Pleas for Dorchester County, South Carolina, bearing the case name as captioned above with Docket No. 2024-CP-18-00297. Plaintiffs Stacy Pearsall and Andrew N. Dunaway, II filed a Summons and Complaint against Defendant on February 21, 2024.

2.      Defendant was served (through the Secretary of State) with a copy of the Summons and Complaint in this action on February 28, 2024. The Defendant has not made an appearance in the Court of Common Pleas for Dorchester County, South Carolina as of the date of this filing.

Copies of all state court papers, excluding other discovery matters, are attached to this Notice of Removal as **Exhibit A**.

  3. Upon information and belief, Plaintiffs were, at the time of the commencement of this action, and still is a resident and citizen of the State of South Carolina, as alleged in the Complaint.

  4. In the Complaint filed to initiate the current action, Plaintiffs allege Defendant "is a Corporation duly organized under the laws of the state of Pennsylvania with a registered office located at 2937 Harvest Drive, Ronks, PA, 17572." *See* **Exhibit A, ¶ 2.**

  5. At the time of the commencement of this action, and at this time, Defendant was and is a Domestic Limited Partnership organized and existing under the laws of the State of Pennsylvania, having its principal place of business in Ronks, Pennsylvania.

  6. Citizenship for diversity jurisdiction purposes is determined at the time the action is commenced. *See* <u>Athena Auto, Inc. v. DiGregorio</u>, 166 F.3d 288 (4th Cir. 1999).

  7. Accordingly, complete diversity of citizenship exists amongst the parties to this action and removal is proper under 28 U.S.C. § 1332 and § 1441(b).

  10. The Complaint asserts various state-law causes of action and claims for relief against Defendant purportedly arising out of alleged injuries sustained by Plaintiffs' horse, Viktor van de Kloosterhoeve, a/k/a "Earl", on or around December 16, 2021. *See* **Exhibit A, ¶ 13.**

  11. The amount-in-controversy requirement for diversity jurisdiction is satisfied in this case because it is clear from Plaintiffs' Complaint that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

  12. In determining whether the claims in the Complaint meet the jurisdictional amount, the district court may make reasonable deductions, inferences, or other extrapolations from the

pleadings to determine whether it is apparent that a case is removable. *See* Francis v. Allstate Ins. Co., 709 F.3d 362, 368 (4th Cir. 2013) (affirming district court's use of "experience and common sense" to conclude that the amount-in-controversy requirement was satisfied). Put simply, a district court determining the amount in controversy "'is not required to leave its common sense behind.'" Hamilton v. Owen Loan Servicing, LLC, No. 9:12–cv–03111–PMD, 2013 WL 499159, at *5 (D.S.C. Feb. 7, 2013) (*quoting* Crosby v. CVS Pharmacy, Inc., 409 F. Supp. 2d 665, 668 (D.S.C. 2005)).

13.   Plaintiffs are seeking judgment against Defendant and to recover the costs of this action and actual damages.

14.   Additionally, Plaintiffs are seeking consequential damages, punitive damages, and pre- and post-judgment interest.

15.   Accordingly, the record and case law establish that the amount in controversy meets and exceeds the sum or value of $75,000, exclusive of interest and costs and, therefore, meets the amount in controversy requirement for diversity jurisdiction.

16.   Defendant desires to remove this action to this Court and, therefore, files this Notice along with attachments pursuant to 28 U.S.C. § 1441, *et seq.*, and this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

17.   This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) in that it is filed within thirty (30) days from the date on which Defendant was first served with the Summons and Complaint.

18.   Defendant removes this matter pursuant to 28 U.S.C. § 1332 because the action brought by Plaintiffs against Defendant is a suit of a civil nature, the character of which the District

3

Courts of the United States are given original diversity jurisdiction under 28 U.S.C. § 1332, and is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. §1441.

19. The Charleston Division of the United States District Court for the District of South Carolina is the proper venue because it is the "district and division" embracing Dorchester County. *See* 28 U.S.C. § 1441(a).

20. In accordance with 28 U.S.C. § 1446(d), Defendant will promptly serve written notice of the filing of this Notice of Removal to Plaintiffs' counsel, and Defendant shall electronically file a copy of this Notice of Removal with the Clerk of Dorchester County Court of Common Pleas, where this action is currently pending.

21. Defendant submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiffs or conceding that Plaintiffs have pled claims upon which relief can be granted. Defendant specifically reserve the right to assert, if applicable, any and all defenses enumerated under Rule 12 of the Federal Rules of Civil Procedure or any other affirmative defenses, including those enumerated in Rule 8(c) of the Federal Rules of Civil Procedure, upon the filing of the responsive pleadings within the time allotted under the Federal Rules of Civil Procedure.

WHEREFORE, Defendant prays that the above-entitled case be removed to the United States District Court for the District of South Carolina, Charleston Division, pursuant to 28 U.S.C. §1441 *et seq*. If any question should arise regarding the propriety of the removal of this action, Defendant respectfully requests the opportunity to brief fully the legal issues through supporting memoranda, as well as oral argument, in support of the position that the case is removable, as well as conduct discovery on the subject matter, if necessary.

[*Signature page follows*]

                    Respectfully submitted,

                    <u>s/Gray T. Culbreath</u>
                    Gray T. Culbreath, Fed. ID No. 5647
                    Gallivan, White & Boyd, P.A.
                    PO Box 7368
                    Columbia, SC 29202
                    [gculbreath@gwblawfirm.com](mailto:gculbreath@gwblawfirm.com)
                    (803) 779-1833

March 22, 2024